# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL GOOD dba CASTLE ROCK VINEYARDS, | 1:06cv1401 AWI GSA |
| Plaintiffs, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART |
| v. | |
| ORIENT OVERSEAS CONTAINER LINE LIMITED, | |
| Defendants. | |

Plaintiff, Al Good, dba Castle Rock ("Plainitff"), filed the instant discovery motion on April 1, 2008. The matter was heard on August 8, 2008, before the Honorable Gary S. Austin, United States Magistrate Judge. Judith Harless appeared on behalf of Plaintiff. Eric Danoff appeared on behalf of Defendant, Orient Overseas Container Line Limited ("Defendant" or "OOCL").

## BACKGROUND

Plaintiff filed a complaint on October 11, 2006. Plaintiff is a grower of grapes and markets the grapes in the United States and internationally. In 2004, Plaintiff alleges he entered into a contract with Defendant for the ongoing transport of some grapes to overseas markets. In the Fall of 2005, Plaintiff alleges that 30 containers of grapes were shipped to arrive in England between October 17, 2005 and November 9, 2005. Plaintiff alleges that in each instance, the

containerized cargo were defective including dehydration, bruising, waterberry, shatter, and sunken cap stems. Plaintiff alleges these conditions were caused or exacerbated by excessive temperatures in transit and/or transport of the grapes in a commercially unacceptable manner. Accordingly, Plaintiff alleges three causes of action : 1) liability based on a violation of the Carriage of Goods by Sea Act, 46 USC § 1300 et seq., 2) common carrier negligence, and 3) breach of contract. Plaintiff is seeking declaratory relief, statutory, compensatory and consequential damages, interest, and costs.

On or about November 12, 2007, Plaintiff served written discovery requests on Defendant including a Request for Production of Documents (hereinafter, "Request"). OOCL served Plaintiff with responses and some documents in February 2008. On April 1, 2008, Plaintiff filed the instant Motion to Compel. The motion was stayed while the parties continued to meet and confer. OOCL provided written responses to the Request on or about April 22, 2008, and also made a series of document productions. However, there are four remaining Requests that are in dispute in this case.

## DISCOVERY AT ISSUE

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

At issue is discovery relating to Plaintiff's Request Numbers 11, 16, 17, and 24.

REQUEST FOR PRODUCTION NO. 11:

All handwritten notes regarding the shipment of freight by the Plaintiff in 2005 with OOCL.

**Response:** OOCL objects that the request is vague, ambiguous, overly broad and calls for irrelevant records.

Plaintiff argues that he is entitled to obtain handwritten notes regarding any shipments made by the OOCL in 2005. Defendant argues that this request is over broad and could include

notes that refers to circumstances not relevant to this litigation.  Additionally, it is impossible to determine what a "note" is regarding shipment.

The court agrees that the request as phrased is over broad, but also agrees that Plaintiff is entitled to obtain handwritten notes regarding the shipment at issue.  Accordingly, Defendant shall provide Plaintiff with a response to the Request as modified within 30 days :

> "All handwritten notes relating to the shipment at issue in this case which were created between July 1, 2005 through December 31, 2005 by individuals working at headquarters or offices directly involved in this case."

REQUEST FOR PRODUCTION NO. 16

Any an all documents and/or photographs upon which you rely to support any affirmative defense you have alleged in this action.

**Response** : OOCL objects that the request is overly broad and violates the work product and attorney client privilege.  OOCL will comply with the Court's Orders and the Federal Rules of Civil Procedure on this subject.

Defendants argue that Plaintiff is asking OOCL to disclose the records it intends to present at trial to oppose Plaintiff's evidence that Plaintiff has not even presented yet. Defendants contend these are matters for the Pretrial Conference and the expert witness disclosures, which are governed by court orders and the FRCP.  Plaintiff should ask for substantive categories of records with justifiable specificity.

Plaintiff argues Defendant's "overly broad" objection is inapplicable where the request relates to documents and photographs OOCL will use for its defense of this very action.  Further, to the extent those documents will be presented as exhibits in the trial, the "work product" and "attorney-client privilege" objections are also inapplicable. If there are other documents that are privileged, a privilege log pursuant to Rule 26(b)(5)(A) should have been provided.

The court finds that this request is reasonable and in fact, this information should have been disclosed as part of the initial disclosures.  Fed. Rules of Civ. Proc. 26(a)(1)(A)(ii) provides that a party must provide the other party with a copy or description of all documents, information, and tangible things that the disclosing party has in its possession, custody, or control

to support its claims or defenses, unless the use would be solely for impeachment.  Defendant shall provide a response to this Request within 30 days.

REQUEST FOR PRODUCTION NO. 17

Any and all documents upon which you base any claim that the Plaintiff's allegation of liability cannot be proven.

**Response** : OOCL objects that his request is overly broad and violates the work product and attorney-client privileges.  OOCL will comply with the Court's Orders and the Federal Rules of Civil Procedure on the subject.

The parties' arguments regarding this request are the same as in Request No. 16.  Accordingly, the court orders that Defendant respond to this request within 30 days based on the same analysis outlined above.

REQUEST FOR PRODUCTION OF NO. 24

All documents which evaluate the shipment of grapes by OOCL by rail and sea as opposed to shipment solely by sea. (This request assumes that grapes will be shipped to a port of demarcation or to a rail by truck and them by either rail or sea).

**Response** : OOCL objects that this Response is vague, ambiguous, overly broad, and calls for irrelevant records, and that the request violates the work product doctrine and attorney-client privilege.

Plaintiff argues that the request is clear and straight forward as it is specific to two manners of shipment, and it is limited to transport one type of commodity.  Since Plaintiff's grapes were damaged in the course of shipment, any knowledge that OOCL has or analysis that it has done about the benefits or disadvantages of various types of shipment options would be very relevant.  If there are documents that would be subject to withholding on the grounds of privileges or protections, no privilege log as required by Rule 26(b)(5)(A) has been provided, nor has any response that no documents exist been verified.

Defendant argues that OOCL does not ship grapes from California to the England solely by sea because it would take too long.  Accordingly, a study has not been done to evaluate this method of transportation and there are no documents available. Furthermore, Plaintiffs only contracted to have the grapes shipped by rail and sea so whether Defendant has shipped grapes only by sea is irrelevant. Finally, studies that have been done about various shipment modalities

of grapes to other destinations is irrelevant as the length of time of these shipments would vary significantly from the length of time of shipment in this case.

Although Defendant indicates that no documents exist related to the shipment of grapes only by sea from California to England, Plaintiffs are entitled to some information regarding OOCL's evaluations of various modes of transporting grapes. Accordingly, Defendants shall respond to the following request within 30 days :

> "All documents that relate to OOCL's evaluations of shipping grapes from California to England in 2005 using *any* method of transportation including, but not limited to, rail, freight, truck, aircraft or sea."

## ORDER

Based on the foregoing, Plaintiff's Motion to Compel OOCL to comply with Plaintiff's Requests  issued is HEREBY GRANTED IN PART.  Defendant shall produce documents responsive to the above requests as modified herein, within 30 days.  If Defendant has already provided Plaintiff with documents at issue in the request, Defendant shall provide that information in its response.  Defendant shall supply Plaintiff with verified responses on all responses pursuant to Fed. R. Civ. Proc. 26(g). If Defendant is going to assert a privilege,  a privilege log pursuant to Fed. R. Civ. Proc Rule 26(b)(5)(A) shall be provided.

IT IS SO ORDERED.

Dated:   **August 11, 2008**                         /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE